# ROSA McCAFFERY v. ST. LOUIS & MERAMEC RIVER RAILROAD COMPANY, Appellant.

**Division One, December 21, 1905.**

1. **OBJECTION: Leading Question: When Non-Prejudicial.** Where the plaintiff has already testified, without objection or prompting of counsel, to exactly the same fact elicited by a leading question, the defendant is not injured by the question.

2. **NEGLIGENCE: Instruction: Failure to Use Word Negligently.** Where the court instructs the jury to find for plaintiff if they find from the evidence certain facts to exist, and those facts constitute negligence and are the facts charged in the petition as constituting defendant's negligence, the failure to use the word "negligently" in the instruction does not render it erroneous.

3. ——: ——: **Stopping Car: Purpose.** Plaintiff, a passenger on defendant's street car, charged that she signaled the car to stop, that it did stop and while she was in the act of alighting, the operatives negligently caused the car to start forward with a sudden jerk, and threw her off. Defendant asked this instruction: "The only charge which plaintiff brings against defendant is that the car had come to a full stop for the purpose of letting plaintiff get off, and that those in charge of the car negligently started the car with a sudden motion," etc. The court struck out the words "for the purpose of letting plaintiff get off." *Held*, that the striking out of those words did not change the instruction with reference to the acts of negligence complained of. *Held*, also, that the instruction as given, when read in connection with another given for plaintiff, which set forth all the acts of negligence complained of, left no room for the jury to misunderstand the case and no room for the defendant to complain.

4. ——: ——: **Statements Against Interest.** The court did not err in changing an instruction which told the jury that statements made by plaintiff "must be taken as true" to "are presumed to be true."

5. ——: ——: **Stopping at Crossing: Theory Covered by Instruction Given.** Where the instruction given for plaintiff required the jury to affirmatively find the facts stated in the petition, and every fact embodied in the theory of plaintiff's case, it was not error to refuse an instruction asked by defendant which at most was only a negative statement of the case. In this case the instructions were in reference to the stopping of the car beyond the far side of the street at a car barn.

6. ——: **Variance: Place of Accident.** Where the testimony as to the place of accident was not at the trial objected to as for a variance, in that the petition charged that it occurred at the intersection of certain streets and the testimony of plaintiff showed it was fifteen feet therefrom, the point that the evidence does not support the allegation is not available on appeal.

7. ——: ——: **Allegation of "At or Near."** Where the petition charged that the accident occurred "at or near" the intersection of two streets, and plaintiff's testimony was that it was fifteen feet from the intersection and that of defendant that it was still further away, there is no variance, but the evidence brings the case reasonably within the zone specified by the petition.

8. **HYPOTHETICAL QUESTION: No Objection To Answer.** Where no objection was made that the answer embodied certain injuries not specified in the petition, but the objection was confined to the hypothetical question, the answer cannot be considered in determining the propriety or correctness of the ruling disallowing the objection.

9. ——: **Objection on Appeal.** No objections not made at the trial to the admission of testimony can be considered on appeal. If the testimony was not erroneously admitted for the reason specified at the trial, it will not be held on appeal to have been erroneously admitted.

10. ——: **Medical Opinion: Practice.** Cases in court must be determined on the evidence, and not upon what eminent medical authority have said in books not offered in evidence.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

192 sup—10

AFFIRMED.

*Jefferson Chandler, T. M. Pierce* and *John Lion-berger Davis* for appellant.

(1) The court erred in not sustaining defendant's instruction which prayed the court to declare at the close of plaintiff's case that plaintiff cannot recover on the pleadings and evidence in the case. The reason for this assignment of error is there was a failure of proof. It was the duty of the court to take the case from the jury. R. S. 1899, sec. 798. (2) The court erred in holding that plaintiff could recover by showing the injury to plaintiff in alighting from defendant's car at a different place from the place described in plaintiff's petition, to-wit, at Kraft and Manchester avenues, whereas, the entire testimony of plaintiff shows that whatever injury she sustained, if any, was at Manchester sheds, a totally different place from the intersection of Kraft and Manchester avenues. Feary v. Railroad, 162 Mo. 75; Chitty v. Railroad, 148 Mo. 64. (3) The court erred in permitting plaintiff, after stating that the car from which plaintiff alighted was standing still when she got off, to change her answer in response to a leading question, objected to at the time by the defendant, and to state that the car jerked her off. The court erred in allowing said answer, which covered the whole evidence that plaintiff had to recover upon, and abused its discretion. Coats v. Lynch, 152 Mo. 116; Speckman v. Kraig, 79 Mo. App. 373. (4) The court erred in giving on its own motion instruction 2. Said instruction erroneously permitted a recovery by plaintiff on her petition without plaintiff's showing any negligence on the part of the defendant, or its agents or servants in managing the car on which plaintiff claims to have been a passenger, and from which she claims to have alighted at Manchester sheds. There was a failure of proof, and

error in eliminating negligence from the instruction. Sec. 798, R. S. 1899. Plaintiff could not recover on defendant's answer or proof. (5) The court erred in not holding that the defendant was entitled to a verdict on the weight of evidence. Heinzmann v. Railroad, 182 Mo. 62. (6) The court erred in refusing to give defendant's instruction 4. Defendant was entitled to have the acts of alleged negligence set forth, and a definition made to the jury by the court of what constituted negligence, and the characterization of the acts complained of as negligently done. Gurley v. Railroad, 93 Mo. 451; Rinard v. Railroad, 164 Mo. 270; Jacquin v. Railroad, 57 Mo. App. 320; Hill v. Railroad, 49 Mo. App. 520. Defendant was entitled to have the court define to the jury the particular act of negligence complained of, and the degree of care required of the defendant. Koenig v. Railroad, 173 Mo. 725; Reardon v. Railroad, 114 Mo. 384; Stanley v. Railroad, 114 Mo. 606. (7) The court erred in failing to give instruction 10, and in not holding that plaintiff was bound by her admissions. Plaintiff's admissions showed that she was not entitled to recover. Engleking v. Railroad, 187 Mo. 158. The court erred in failing to give instruction 17. The conditions of alighting at the railroad shops where plaintiff got off were not the same as the conditions of alighting at Kraft and Manchester avenues, and hence there was a failure of proof of the allegations in plaintiff's petition descriptive of the alleged negligence of defendant at Kraft and Manchester avenues. Instructions of the court and the verdict of the jury should conform to the pleadings.

*George Safford* and *Thos. B. Harvey* for respondent.

(1) Appellant could not complain of the fact that the court failed to sustain a demurrer offered at the

close of plaintiff's case when it did not stand on such demurrer. Clark v. Railroad, 93 Mo. App. 455; Mirrielees v. Railroad, 163 Mo. 470. (2) (a) A variance must be material to warrant a reversal. R. S. 1899, sec. 656. (b) The alleged variance is not material. Cobb v. Railroad, 149 Mo. 145. (c) An objection on the ground of variance must be made at the trial so as to give an opportunity to amend the pleading; otherwise, the objection is waived. Fisher & Co. Real Estate Co. v. Staed R. E. Co., 159 Mo. 562; Ridenhour v. Railroad, 102 Mo. 270; Mellor v. Railroad, 105 Mo. 555; Golden v. Clinton, 54 Mo. App. 100; Hoyt v. Quinn, 20 Mo. App. 272; Choquette v. Railroad, 152 Mo. 257. (d) An affidavit setting forth the manner in which a party has been misled must be made on the trial, alleging the materiality of the discrepancy between allegations and proof; otherwise, this objection could not be considered. R. S. 1899, sec. 655; Fisher & Co. Real Estate Co. v. Staed Realty Co., 159 Mo. 562; Ridenhour v. Railroad, 102 Mo. 270; Mellor v. Railroad, 105 Mo. 555. (3) (a) Plaintiff did not change her answer. The car was standing still when plaintiff was in the act of getting off and jerked while she was in the act of getting off. (b) "Did it stand still while you got off" is not a leading question. (c) Even if the court decides that the plaintiff changed her answer, and that in response to a leading question, the defense was not injured thereby, as the plaintiff theretofore in response to the question: "What took place there," replied, "I stood in the door until it stopped. I was on the last step down. I had one foot on it when the car gave a jerk and threw me," to which no objection was, or could have been, offered by the defense. (d) Even if the court should hold that the question was leading, still the privilege to ask a leading question is addressed to the discretion of the trial judge and should not be reversed on appeal unless it appears that the discretion has been abused, especially where witness is

ignorant or under nervous excitement. Speckman v. Kreig, 79 Mo. App. 376; King v. Mittalberger, 50 Mo. 182; Wilbur v. Johnson, 58 Mo. 100; Carter v. Primm, 52 Mo. App. 102; Coats v. Lynch, 152 Mo. 161. (4) Instruction 2 required the jury to find that defendant was negligent. To require the jury to find that the defendant did an act or series of acts which, as a matter of law, constitute negligence, required the jury to find that the defendant was guilty of negligence. Luckel v. Century Bldg. Co., 177 Mo. 608; Hinzeman v. Railroad, 182 Mo. 611; Taylor v. Felsing, 63 Ill. App. 624; Clark v. Dyer, 81 Tex. 339; Aurora v. Cox, 43 Neb. 727; Winnifred v. Railroad, 71 Vt. 48; Penn. Co. v. Marion, 104 Ind. 239. (5) The court did not err in permitting the case to go to the jury. There was ample evidence upon all points to sustain the verdict. Appellate courts will not reverse on the weight of the evidence. Bray v. Kremp, 113 Mo. 552; Brown v. Railroad, 50 Mo. 461; Blanton v. Dold, 109 Mo. 64. (6) The court did not err in refusing to give instruction 10 asked by appellant. Said instruction told the jury that respondent was a witness in her own behalf and that the jury were the sole judges of her credibility and that statements made by her, if any, which were against her own interest, must be taken as true. In the first place, had the instruction been so given it would have been contradictory, for the court could not instruct the jury at one and the same that they were the sole judges of the credibility of the witness and that any statements made by her against her own interest must be taken as true. Newcomb v. Jones, 37 Mo. App. 475; Shepherd v. Railroad, 189 Mo. 373. (7) The petition states that the accident occurred at or near the intersection of Kraft avenue and Manchester avenue, and it is conceded that it did occur within a few feet (beyond the mudhole) west. Such discrepancy is not material. Cobb v. Railroad, 149 Mo. 145.

MARSHALL, J.—This is an action for $20,000 damages for personal injuries received by the plaintiff about half past five o'clock in the evening of December 21, 1900, in consequence of being thrown from one of defendant's cars on Manchester avenue just west of Kraft avenue, in the city of St. Louis. The plaintiff recovered a judgment for $5,000, and the defendant appealed.

### THE ISSUES.

The substance of the petition is that the plaintiff was a passenger on the defendant's car, and when approaching Kraft avenue, she signaled for the car to stop at said avenue, as she desired to leave the car at that point; that the car stopped, and while she was in the act of alighting therefrom, and before she had time so to do, and while the agents of the defendant knew that she was in the act of so doing, and without warning to the plaintiff, the operatives of said car negligently caused the car to start forward with a sudden and unusual jerk, whereby the plaintiff was thrown violently to the pavement of the street, and "was badly cut and bruised about her body, arms, legs, spine and hips; and the femur of her left leg fractured at or near the hip joint, and her nervous system was greatly and permanently shocked and debilitated.

"Plaintiff further states that by reason of said injuries she has suffered, is suffering, and during the rest of her life will continue to suffer from great pain of body and anxiety of mind, and from great pain in and about her left leg, from the eversion of her left foot, from shortening of her left leg, from numbness of her hands and legs, from defective eyesight, from insomnia, from partial loss of the sense of touch, from vertigo and dizziness, from melancholia, from oedema or swelling of the left ankle, from paralysis of the left limb, from defective hearing, from paralysis of the

bladder, from an inability to properly contain her urine, from a nervous heart and from traumatic neuraesthenia.''

The answer of the defendant is a general denial, coupled with special pleas as follows:

First, contributory negligence; second, an ordinance of the city of St. Louis providing that street cars shall stop on the far side of intersecting streets, with which plaintiff was charged with notice; third, that when the car had passed Kraft avenue, a distance of about one hundred and fifty feet, as plaintiff well knew, and before it stopped, the plaintiff negligently attempted to get off of the car while it was in motion, and where there was no intersecting street, without signaling for the car to stop; fourth, that the plaintiff negligently attempted to get off the car while it was in motion; fifth, that the plaintiff negligently took the management of the car unto herself, and attempted to get off of the car at a certain place without signaling the car to stop or expressing her desire to leave the car at that place; sixth, that the plaintiff did not use ordinary care in attempting to get off the car; seventh, that the plaintiff negligently attempted to get off of the car at a place which was not designated for cars to stop to let passengers off.

The reply is a general denial.

The case made is this:

The plaintiff was a woman fifty-four years of age. On the day of the accident she and her daughter had been down town shopping and were on their way home on one of defendant's cars. She desired to leave the car at Kraft avenue. She directed her daughter to press the button, as a signal of her intention to leave the car, a half block east of Kraft avenue. The daughter did so. Plaintiff arose, went to the back platform and stood in the doorway until the car stopped. Two men boarded the car, and plaintiff was compelled to wait until they got onto the platform, then she pro-

ceeded to alight. As she stood on the bottom step and was proceeding to step onto the street, the car gave a sudden jerk, threw her to the roadway and injured her in the manner and to the extent specified in the petition. Kraft avenue ends at Manchester road and does not extend across the same toward the south. At Kraft avenue the street was muddy. The car stables of defendant company were on the block between Kraft avenue and Waldemar. The car did not stop at the west side of Kraft avenue, the motorman says because it was muddy at that point and, that when such was the case, it was the custom to go about fifteen feet further west and stop at a cinder path that extended from the car across the street to the sidewalk, and that he stopped at the cinder path on this occasion, both because of this fact, and because of the further fact that the train crew were to be relieved for supper at that time and the extra crew were to take charge of the car. After falling, the plaintiff was unable to rise or help herself and was picked up, carried into the office of the defendant, and thence taken home, where she was confined to her bed for three months, under the treatment of a physician, and thereafter was under the constant care of a specialist, and of trained nurses for a year, and has ever since been unable to walk without crutches; and the testimony shows without contradiction that she sustained all of the injuries specified in the petition.

At the close of the plaintiff's case, the defendant demurred to the evidence. The court overruled the demurrer and the defendant excepted.

The defendant's evidence tends to show that the car did not stop at all; that no signal was given by the plaintiff to stop; that the relief crew boarded the car while it was in motion, and while the conductor was engaged in having the relief conductor sign the register statement, showing the number of fares that had been paid up to that time, the plaintiff attempted

to get off of the car while it was in motion, and was thrown to the ground and was injured; that the place at which she thus attempted to get off of the car was at the cinder path which was near the center of the car sheds, and not within fifteen feet of the west side of Kraft avenue.

On the case in chief and again in rebuttal, the plaintiff's evidence tended to show that it was customary to stop at the cinder path in muddy weather, and not at the west side of Kraft avenue, in order to permit passengers to alight.

At the close of the whole case the defendant again demurred to the evidence and the court overruled the demurrer and the defendant excepted.

The giving and refusing of instructions is assigned as error, and they will be referred to in the course of the opinion.

## I.

Defendant's first contention is that the court erred in overruling the demurrer to the evidence.

This contention is based upon the proposition that the only testimony adduced by the plaintiff upon which she was entitled to go to the jury was her answer to what is alleged to have been a leading question propounded to her by her counsel, which was in conflict with what she had previously stated; and it is argued that the ruling of the court in permitting the leading question to be asked was error, and that a verdict based thereon is without substantial support in law.

The testimony of the plaintiff in this regard was as follows: That at her request her daughter signaled for the car to stop a half a block before it reached Kraft avenue. "When it got to Kraft avenue, it began to slow up and kept sliding on; it went on a good ways while I was walking down the car. It went easily enough; I could walk easily enough through the car, and then it came to a standstill. The conductor was

standing there on the platform, and I came out of the door. I stood in the door until it stopped. I was on the last step to step down. I had one foot on it when the car gave a jerk and threw me.

"Q. How many men were on the back platform as you got off? A. There was only just the conductor when I got out of the door.

"Q. When you got to the door? A. When I got out of the door.

"Q. Could the conductor see you there? A. Why yes, he was looking right at me.

"Q. Could he see you when you were getting off of the car? When you started towards the step? A. Sure he could, there was nothing to hinder him.

"Q. Did you see any other parties when you got off, when you started down the step? A. There was two men got on.

"Q. Where did they get on? A. While I was standing on the top step. I think I had to wait until they got up. Then when they got on I started to get off.

"Q. What was the car doing when you got off? A. What was it doing?

"Q. Yes. A. Standing still, when I was in the act of getting off.

"Q. Did it stand still until you got off?

"Objected to as leading. Objection overruled, to which ruling of the court the defendant, by counsel, then and there duly excepted.

"A. No, it jerked me off."

The gist of the contention consists in this, that the plaintiff had stated that the car was standing still when she was in the act of getting off, and that her counsel then asked: "Did it stand still until you got off." And that the question was leading and suggested to her the answer which she made: "No, it jerked me off."

Counsel overlooked the fact, however, that as

above quoted, the witness had already stated that when she was on the last step, and had one foot on it, "the car gave a jerk and threw me off." Even if, therefore, it could be ruled that the question objected to was leading and suggested an answer, although it is hard to see that it suggested the answer she made, nevertheless, the defendant was not injured thereby because the witness had already testified, without objection or prompting by counsel, to exactly the same fact then elicited by the question objected to.

There is therefore no merit in the contention.

## II.

Of its own motion, the court instructed the jury that if the plaintiff was a passenger on the defendant's car, and upon approaching Kraft avenue signaled the defendant's servants "to stop the same for the purpose of permitting her (plaintiff) to alight therefrom, and thereupon said car did stop at or near said intersection, at a point which you may believe and find from the evidence at that time was recognized and habitually used by the defendant for discharging passengers from its cars; and that thereupon plaintiff proceeded, with all reasonable expedition, to alight from said car, and that while she was in the act of so alighting, the servants of defendant in charge of said car, whose duty it was to control the movements thereof, caused the same to suddenly start forward without giving the plaintiff any warning of their intention so to do," and that in consequence thereof, the plaintiff was thrown from the car and injured, the verdict should be for the plaintiff, unless the plaintiff was guilty of negligence.

The objection to this instruction is that it did not require the jury to find that the defendant was guilty of any negligence. In other words, should have charged that the car was negligently started.

The identical question was ruled adversely to the contention here made in Luckel v. Century Build-

ing Co., 177 Mo. 608, and the rule there announced that it is the duty of the court to tell the jury that if they find from the evidence certain facts to exist, those facts constitute negligence, and that where the instruction clearly requires the jury to find all the facts which go to make up the negligence charged in the petition, the failure to use the word "negligently" in the instruction does not render the same erroneous.

### III.

The refusal of the court to give the defendant's fourth instruction is assigned as error. That instruction is as follows:

"The only charge which plaintiff brings against the defendant is that the car had come to a full stop for the purpose of letting plaintiff get off, and that those in charge of the car, being defendant's employees, negligently started the car with a sudden motion while plaintiff was in the act of getting off, and in determining the question of defendant's liability you must not consider any other question of negligence on the part of defendant's employees, even if you should believe they were negligent in other respects." The court struck out the words, "for the purpose of letting plaintiff get off" and then gave the instruction.

The complaint is that "defendant was entitled to have the acts of alleged negligence set forth and a definition made to the jury by the court of what constituted negligence, and the characterization of the acts complained of as negligently done."

This objection must be a misapprehension of counsel, for the striking out of the words, "for the purpose of letting plaintiff get off," did not change the instruction in any respect with reference to the acts of negligence complained of. Moreover, the instruction as given when read in connection with the second instruction given for the plaintiff, and herein

above referred to, left no room for the jury to misunderstand the case and no room for the defendant to complain of prejudice in the respects contended'for.

## IV.

The refusal of the court to give the tenth instruction asked by the defendant is assigned as error.

That instruction is as follows:

"The plaintiff, Mrs. McCaffery, was a witness in her own behalf; the jury are the sole judges of her credibility, and statements made by her, if any, which are against her own interest, must be taken as true; but her statements in her own favor are only to be given such credit as the jury, under all the facts and circumstances in evidence, deem them entitled to."

The court struck out the words, "must be taken as," and inserted in lieu thereof, the words, "are presumed to be."

The change in the language of the instruction finds direct support in the case of Shepherd v. Transit Co., 189 Mo. l. c. 373. Aside from this, however, there is nothing disclosed by the record in this case which called for or authorized the giving of the instruction at all. The plaintiff's testimony was clear, direct and candid, and although in some respects it was contradicted by the testimony adduced for the defendant, nevertheless, in all material respects, she was corroborated by the testimony of other witnesses, particularly that of her daughter, and of the motorman of the car, who was relieved at the point of the accident.

There was, therefore, no error in this regard.

## V.

The refusal of the court to give defendant's instruction number seventeen is assigned as error.

That instruction is as follows:

"The court instructs the jury that, by the ordi-

nance read in evidence, regular stopping places are fixed at which street cars are required to stop to let passengers off, namely, on the west side of intersecting streets, and so as to leave the rear platform over the crossing. And plaintiff was, on December 21, 1900, chargeable with notice of said ordinance; and even if you should find that the car came to a full stop before plaintiff attempted to get off, yet if you find that plaintiff, or anyone for her, did not give notice or otherwise of her desire to get off, at any time before reaching the west side of Kraft avenue, and that even if the car was stopped before plaintiff made an attempt to get off, it was stopped at or near the middle of the block between Kraft and Waldemar avenue, at a point where defendant was not in the habit of stopping to let passengers off, and that the car, if stopped as aforesaid, stopped merely to change crews, and that plaintiff knew this, or by the exercise of ordinary care might have known it, then plaintiff had no right to assume that the car had stopped and would remain standing for the purpose of permitting her to alight.''

The grounds upon which defendant contends it was error to refuse this instruction are that ''the conditions of alighting at the railroad shops where plaintiff got off, were not the same as the conditions of alighting at Kraft and Manchester avenues, and hence there was a failure of proof of the allegations in plaintiff's petition descriptive of the alleged negligence of the defendant at Kraft and Manchester avenues.''

The allegation of the petition is that when the car was approaching the intersection of Kraft and Manchester avenues, the plaintiff signaled the car to stop, thereby notifying the agents of the defendant in charge of the car, of her desire to leave the car at that place and ''that when said car reached a point at or near the intersection of said Kraft and Manchester avenues, where the servants of the defendants on and for a long time prior to December 21, 1900, stopped

the car of the defendant for the purpose of allowing passengers to alight, and which, at that time, was the point recognized and used habitually by the defendant and the public for that purpose, the said car, in compliance with plaintiff's said signal and notification, was brought to a full stop.''

The second instruction given for the plaintiff follows accurately the allegations of the petition and requires the jury to find the existence of these facts before returning a verdict for the plaintiff. There was substantial evidence introduced by the plaintiff in support of the allegations of the petition and upon which to predicate the instruction number two given by the court. The case was, therefore, put to the jury strictly in accordance with the theory of the petition and with the evidence to support the same. Instruction number seventeen asked by the defendant is at best but a negative statement of the case, and inasmuch as instruction number two required the jury to affirmatively find the facts stated in the petition and embodied in the theory of the plaintiff's case, before they could find a verdict for the plaintiff, there was no error in the ruling of the court in refusing to instruct the jury on the same question in a negative form when it had already instructed the jury in an affirmative form.

## VI.

The chief contention of the defendant is, however, that the evidence does not support the allegations of the petition that the accident occurred at the place specified in the petition. In other words that the petition charges the accident to have occurred at the intersection of Kraft and Manchester avenues, whereas the evidence shows that it occurred either fifteen feet west of that intersection, as the plaintiff's evidence shows, or some considerable distance further west, as the defendant's evidence shows. Of this it is only

necessary to say that the testimony was not objected to at the trial as for a variance, and the statutory affidavit of surprise was not filed. This is not a case of a total failure of proof, but at best could be nothing more than a variance. In reality, however, there is no variance, because the petition does not state the place of the accident to be at the intersection of Kraft and Manchester avenues, but charges that it took place, "at or near" said intersection, and the evidence of both the plaintiff and the defendant brings the case reasonably within the zone specified in the petition.

## VII.

The admission of the expert testimony offered by the plaintiff is assigned as error.

Dr. Simon was asked this question:

"Q. Doctor, in your judgment, basing your opinion now upon what you saw of Mrs. McCaffery, what was the cause of this nervous trouble that you speak of?"

Objected to "unless based on the facts in evidence in this case."

Thereupon this question was asked:

"Q. Doctor, basing your opinion upon the symptoms that you saw in regard to Mrs. McCaffery, what was the cause of the nervous affliction which you termed traumatic neurosis, or neuraesthenia, from which she was suffering during the time you were treating her?"

This was objected to "as incompetent and not predicated on any facts which the evidence tended to show, and calling for a conclusion."

The court overruled the objection and the defendant excepted.

The witness then answered:

"A. I believe those symptoms were caused by a violent shaking up of the cells of the spinal cord. That is always the case in those cases, and the violent jar-

ring of the molecules of the spinal cord, I think, was the cause of the nervous system [symptoms] in this case."

In the brief the objection to this question and answer is, "There is no evidence to base this hypothesis upon. No testimony shows injury to the spinal cord. No claim for such injury is made in the petition."

The question asked related to traumatic neurosis, and the petition charged that the plaintiff was suffering from that trouble. The question, therefore, pertained to an injury stated in the petition. There was no objection made in the trial court to the answer relative to shaking up the cells of the spinal cord, or to the jarring of the molecules of the spinal cord, and therefore the answer cannot be considered in determining the propriety or correctness of the ruling of the court with reference to the question.

Counsel for defendant has favored the court with a learned and scientific discussion, based upon medical authorities, of the question of nervous diseases, their causes and effects, but as the rationale of the argument was not in any manner, by examination of witnesses or by instructions, brought to the attention of the trial court and that court given an opportunity to pass thereon, it would be improper for this court, even if it were competent to pass on and determine those questions, which have been so learnedly discussed, and about which there seems to be a great contrariety of expert medical opinion, to adjudge the trial court guilty of error in that regard. The authorities cited by counsel, together with the psychological and physiological discussion of counsel, are both interesting and instructive, but cases in court must be determined upon evidence and not upon medical reports of cases, however respectable the authors of such reports may be.

The testimony objected to cannot be adjudged to

have been erroneously admitted for any of the reasons specified by counsel, and as no other legal objections are alleged, this contention must be resolved against defendant.

The case was fairly and impartially tried. There was substantial evidence to support the theory of each party. The jury, whose province essentially is to determine such matters, decided in favor of the plaintiff. No prejudicial error in the instructions is apparent. The amount awarded the plaintiff is not at all excessive in view of the extent of her injuries, as to which there is no dispute in the evidence. The verdict is for the right party, and the judgment is affirmed.

All concur.