MARY RANDOLPH, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY Appellant.

### Kansas City Court of Appeals, June 3, 1907.

1. **PASSENGER CARRIERS: Boarding Car: Sudden Start: Instructions.** Certain instructions had properly stated the requisite care to be exercised by both carrier and passenger; an instruction then said that if the "defendant's servants knew, or by the exercise of proper care could have known," etc. *Held,* the expression of "proper care" was not prejudicial.

2. ———: ———: ———: ———. The criticism of an instruction because it said if defendant's servants "started the car or permitted it to be started," is held without merit.

3. ———: ———: ———. The court modified an instruction so that it read that plaintiff's statements against her interests were "presumably true" instead of that they were "absolutely true." *Held,* proper.

4. **EVIDENCE: Irresponsive Answer: Error.** Striking out an irresponsive answer is not error.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*John H. Lucas, Frank G. Johnson* and *Halbert H. McCluer* for appellant.

(1) The court erred in giving plaintiff's instruction numbered three. Estes v. Fry, 22 Mo. App. 88;

Turner v. Railroad, 76 Mo. 263; Stevens v. Crane, 37 Mo. App. 495; Buel v. Transfer Co., 45 Mo. 564; Hewitt v. Truitt, 23 Mo. App. 443; Beall v. January, 62 Mo. 434. (2) The court erred in refusing to give defendant's instruction numbered nine. Feary v. Railway, 162 Mo. 105. (3) The court erred in modifying defendant's instruction numbered nine and in giving same as modified. (4) The court erred in striking out part of the evidence of the witness I. H. Stewart, as to what he had always done. Buesching v. Light Co., 73 Mo. 233; Preston v. Railroad, 132 Mo. 111; State v. Railroad, 52 N. H. 523.

*E. A. Scholer* and *T. J. Madden* for respondent.

(1) Instructions need not expressly refer to each other. Hughes v. Railway, 127 Mo. 452; Owens v. Railway, 95 Mo. 181; Minter v. Bradstreet, 174 Mo. 495; Meriwether v. Railway, 45 Mo. App. 534; Nelson v. Railway, 113 Mo. App. 702; Green v. Railway, 99 S. W. 28; Hurley v. Railway, 96 S. W. 714. Instruction nine asked by the defendant was unwarranted under the evidence and was properly modified. Although this instruction was held not to be error in the Feary case, 162 Mo. 105, yet it has been criticised since and held to have been properly refused. Connor v. Railroad, 181 Mo. 397; Montgomery v. Railway, 181 Mo. 495; Sheperd v. Transit Co., 189 Mo. 362; McGinniss v. Rigby Pr. Co., 200 Mo. 347, 99 S. W. 7. (3) The part stricken out was improper for two reasons: one, that it was not responsive to the question, and the other, that it was incompetent. McCaffrey v. Railway, 192 Mo. 144.

ELLISON, J.—The plaintiff's action is for personal injury received in consequence of being thrown from one of defendant's street cars. The judgment in the trial court was for her. It appears that the car had

come to a stop at a street corner: where passengers were usually discharged and taken on. Plaintiff endeavored to get aboard with a view to being seated and transported to her destination. As she got upon the first step with her right hand holding the railing, the car suddenly started with a jerk, when, as she stated in her testimony, "I clutched with my left hand and hung, thinking I would be safe until I got to the next crossing, but my hold gave way and I fell."

Defendant objects to plaintiff's instruction number 3, for using the term "proper care."The instruction submitted to the jury the question whether the car was suddenly started while plaintiff was in the act of getting on the car and that the defendant's servants "knew or by the exercise of proper care should have known that she was upon the step" in the act of getting on. We see no possible harm from the use of those words. The requisite care to be exercised by either party had already been properly stated to the jury, and it would be carrying technical objection beyond any reason to hold that any prejudicial error was committed in using the term to which objection is made. We do not regard the cases cited by defendant as at all in point.

The second objection to the instruction is equally lacking in merit. It was that it read that if defendant's servants started the car, or negligently permitted it to be started. There is no suggestion in the record of how that mode of expression could possibly have worked any harm or had any effect upon the verdict in any way.

The court modified defendant's instruction number 9, so as to have it read that plaintiff's statements against her interest were presumably true instead of that the jury must regard them as absolutely true. The modification was proper. [Sheperd v. Transit Co., 189 Mo. 362; McCaffery v. Railway, 192 Mo. 144; McGinnis v. Printing Co. — Mo. App. —, 99 S. W. 7.]

We do not see any objection to the court's striking

out a reason which the witness Steward gave for an answer. He had not been asked for a reason and the answer was not responsive; and withal was harmless.

We regard the verdict as not excessive under the evidence. The entire record discloses that the appeal is based upon objections which in no way affect the merits of the case and the judgment is affirmed.   All concur.