## GEARY v. KANSAS CITY, OSCEOLA & SOUTHERN RAILWAY COMPANY, *Appellant.*

### Division One, March 23. 1897.

1. **Practice**: CONTINUANCE: ADMISSION OF FACTS TO WHICH ABSENT
   WITNESS WOULD TESTIFY. The refusal in a civil case to grant defend-
   ant a continuance on the ground of the absence of a witness was
   proper, if plaintiff had admitted that such witness, if present, would
   testify to the facts set out in the application.

2. ————: ————: ————: CONSTITUTIONALITY OF STATUTE. Neither
   such practice, nor section 2127, Revised Statutes 1889, providing that
   "if the opposite party will admit that the witness, if present, would
   swear to the facts set out in the affidavit, the cause shall not be con-
   tinued," is obnoxious to section 30, article 2, which declares that
   "no person shall be deprived of life, liberty, or property without due
   process of law."

3. ————: ————: ————: PRACTICE. The constitutionality of said
   statute was properly raised by excepting to the action of the court in
   overruling defendant's application for a continuance on the authority
   thereof.

4. ————: ————: ————: ————: CIVIL AND CRIMINAL TRIALS. Sec-
   tion 22, article 2, of the Constitution, providing that: "In criminal
   prosecutions the accused shall have the right to appear and defend in
   person and by counsel; to demand the nature and cause of the accu-
   sation; to meet the witnesses against him face to face; to have
   process to compel the attendance of witnesses in his behalf," has no
   application whatever to the trial of civil actions.

5. **Damages:** RAILROAD ACCIDENT: PASSION AND PREJUDICE. A verdict for $4,500 is not excessive nor does the evidence indicate that the award was the result of passion or prejudice, where the testimony shows that plaintiff was a healthy man, thirty-seven years old, earning $75 per month prior to the accident, and that since, by reason of defendant's negligence, he has been an invalid, unable to follow his occupation, and this condition promises to be permanent, although he has expended $750 for medical aid.

*Appeal from Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) The defendant complains of the action of the trial court in overruling its application for a continuance. The court permitted plaintiff to admit that the witness "if present would swear to the facts," and overruled the application. This admission was made by plaintiff in consequence of the fact that he had secured witnesses to prove contradictory statements made by such absent witness, which defendant could not meet on account of the absence of such witness. Under these circumstances defendant was denied due process of law. And we contend, in violation of that provision of our Constitution which says, "That no person shall be deprived of life, liberty, or property without due process of law." Section 2127, Revised Statutes 1889, is relied on to sustain the action of the trial court in this matter. That part of the section material to the present inquiry is as follows: "And the opposite party may disprove the facts disclosed, or prove any contradictory statements made by such absent witness in relation to the matter in issue and on trial." (2) What is meant by "without due process of law?" "The meaning is that every citizen shall hold his life, liberty, property, and immunities under

the protection of the general rules which govern society. Everything which may pass under the form of an enactment is not therefore to be considered the law of the land." Cooley's Constitutional Limitations [3 Ed.], sec. 353; *State v. Berkley*, 92 Mo. 41, dissenting opinion, SHERWOOD and BRACE, judges; *Elsner v. Supreme Lodge*, 98 Mo. 646. (3) And again: "They were intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private rights and distributive justice." Cooley, *supra*, sec. 355; *State v. Doherty*, 60 Me. 509; *State v. Simons*, 2 Speers, 767; *Mandlin v. Greenville*, 42 S. C. 293. (4) In Missouri we deny the constitutionality of such statute in its application to life or liberty, and seek to affirm it as to property. Logically we should deny or affirm in both cases. *Pace v. Commonwealth*, 89 Ky. 207; *Johnson v. Same*, 94 Ky. 578; *Murphy v. Same*, 92 Ky. 485. (5) The evidence wholly failed to show that defendant knew, or by the use of reasonable care could have known, that "the flange of wheel on the front truck had been in a cracked, defective, and dangerous condition." (6) The charge of the petition is the flange of the wheel on the front truck. The only evidence of any defect in the flange was in the forward tank truck. Two entirely different parts of the locomotive. *Elliott v. Railroad*, 67 Mo. 272; *Schleuth v. Railroad*, 96 Mo. 509; *Covey v. Railroad*, 86 Mo. 635. (7) And this court has held that it is error to single out a servant, upon whom none of the duties of the master as to furnishing proper appliances and keeping them in repair devolve, and predicate a right to recover upon such servant's knowledge of defects or his want of care. *Covey v. Railroad*, 86 Mo. 635. (8) The court erred in giving instruction number 2 asked by the plaintiff; the same assumes that the wheel of the

locomotive was cracked, dangerous, and defective, and tells the jury that if the accident was occasioned by reason thereof, then the finding should be for the plaintiff. *Wilkinson v. Eiters*, 114 Mo. 245; *Stokes v. St. Louis & I. M. R. R.*, 91 Mo. 518. (9) The evidence shows that the position of the plaintiff contributed to his injury, and the instruction told the jury that if plaintiff had no business engagements connected with his duty as conductor of the train he could not recover. This is the law. *Cunningham v. Chicago R. R.*, 12 Am. and Eng. R. R. cases, 217; *Doggett v. Illinois R. R. Co.*, 34 Iowa, 284; *Robertson v. Railroad Co.*, 22 Barbour, 91; *Railroad Co. v. Jones*, 95 U. S. 439. (10) The damages are excessive and the verdict is the result of passion and prejudice. *Adams v. Mo. Pacific Railroad Co.*, 100 Mo. 555; *Furnish v. Mo. Pacific Railroad Co.*, 102 Mo. 438.

*Warner, Dean, Gibson & McLeod* for respondent.

(1) Plaintiff's petition states a case. *Hurlbut v. Wabash R'y Co.*, 130 Mo. 664. (2) Defendant must exercise reasonable care to provide and maintain its machinery and appliances, and this duty it can not delegate to another. *Coontz v. Mo. Pac. R'y Co.*, 121 Mo. 659; *Henry v. Wabash R'y Co.*, 109 Mo. 493; *Railroad v. Herbert*, 116 U. S. 642; *Swadley v. Mo. Pac. R'y Co.*, 118 Mo. 277. (3) Whether or not defendant exercised reasonable care to discover the defective and dangerous condition of the wheel is a question for the jury. *Oglesby v. Mo. Pac. R'y Co.*, 37 S. W. Rep. 829; *Coontz v. Mo. Pac. R'y Co.*, 115 Mo. 675. (4) Plaintiff had the right to presume that defendant would provide and maintain reasonably safe machinery. *Porter v. Han. & St. J. R. R. Co.*, 71 Mo. 79; *Waldhier v. Han. & St. J. R. R. Co.*, 87 Mo. 48; *Hurlbut v. Wabash*

*R'y Co.*, 130 Mo. 657. (5) All the evidence shows that plaintiff knew nothing whatever of this defective and dangerous condition of the wheel. But even if he did know of it, it was not in the line of his employment. *Swadley v. Mo. Pac. R'y Co.*, 118 Mo. 278; *Hamilton v. Rich Hill Coal Co.*, 108 Mo. 364; *O'Mellia v. Railroad*, 115 Mo. 218. (6) Plaintiff's instruction 2 is not error. Defendant's evidence sustains it. Defendant's second and eighth instructions are framed in the same language. Besides, this language has the approval of this court. See plaintiff's instructions 3 and 4 in *Hurlbut v. Wabash R'y Co.*, 130 Mo. 657. (7) The court did not err in overruling defendant's application for a continuance. When plaintiff agreed to admit that the absent witness would swear to the facts set forth in the application plaintiff was entitled to a trial. Section 2127, Revised Statutes 1889, is constitutional. *Woolwine v. Bick*, 39 Mo. App. 499; *Richey v. Branson*, 33 Mo. App. 423; *Elsner v. Supreme Lodge*, 98 Mo. 648; *Johnson v. Commonwealth*, 94 Ky. 578. (8) If there is reasonable doubt of the constitutionality of section 2127, Revised Statutes 1889, this court will uphold it; and the section is presumed to be constitutional. *State v. Dettmer*, 124 Mo. 432; *State v. Hope*, 100 Mo. 347; *St. Louis R'y Co. v. Holliday*, 131 Mo. 441, 457. (9) This court will not interfere with the discretion of the lower court in passing upon the application for a continuance. *State v. Carter*, 98 Mo. 180, 181. (10) Every intendment is in favor of the action of the lower court. *Blair v. Railroad*, 89 Mo. 395. (11) A continuance relates to the practice or mode of procedure and plaintiff had no vested right therein. *L. N. A. & C. R'y Co. v. Wallace*, 136 Ill. 87; *Jensen v. Fricke*, 133 Ill. 171. (12) Due process of law is "law in its regular course of administration through courts of justice." *State v. Loomis*, 115 Mo. 312, 313; 1

Bouv. Law Dict. 512; 1 Rap. & Lawrence Law Dict. 423.

BRACE, J.—This is an appeal from a judgment of the circuit court of Clay county in favor of the plaintiff for the sum of $4,500 in an action for damages for personal injuries received by him while acting as conductor of one of defendant's construction trains, the locomotive of which it is alleged in the petition "was derailed by reason of the breaking of the flange of the wheel of the front truck thereof, which said wheel was and for many days prior thereto had been in a cracked, defective and dangerous condition." The answer was a general denial and a plea of contributory negligence, upon which issue was joined by reply.

The suit was instituted in the Jackson circuit court October 9, 1893, taken thence on application of the defendant by change of venue to the circuit court of Clay county, where the same coming on for trial on the sixteenth of November, 1894, the defendant made application for a continuance on account of the absence of one Owen Brady. The plaintiff admitted that the said absent witness would, if present, swear to the facts set out in the application. The court thereupon overruled the same, and the action of the court in so doing was excepted to, and is here assigned as error. The trial of the case then proceeded, and at the close of all the evidence was submitted to the jury on instructions. Of those given for the plaintiff number 2 was excepted to, and the giving of the same is here assigned as error. That instruction is as follows:

"2. If the jury believe from the evidence that on or about December 12, 1892, between Sheffield and Grand View, on defendant's line of railroad, the plaintiff was conductor upon the defendant's construction train then and there drawn by one of defendant's

engines, then on defendant's road between said points, defendant's said engine was derailed by reason of the cracked, defective and dangerous condition of the wheel of the front truck thereof, causing the flange of said wheel to break; that defendant knew or by the exercise of reasonable care and caution might have known of such cracked, defective and dangerous condition of said wheel in a sufficient time to have made the same reasonably safe for the purpose for which it was used, but failed to do so; that plaintiff did not know of such cracked, defective and.dangerous condition of said wheel; that by reason of said derailment of said engine plaintiff was thrown with great force and violence against the boiler head of said engine and was thereby injured, then plaintiff is entitled to recover, and your verdict must be for plaintiff, provided you further believe from the evidence that plaintiff was not guilty of contributory negligence as stated and defined in the instructions given you at the instance of the defendant."

The refusal of the court to give defendant's instructions 1, 9, and 12 is also complained of as error. Those instructions are as follows:

"1. On the pleadings and the evidence the plaintiff can not recover.

"9. There is no evidence before the jury that any notice of the defective condition of the truck wheel was ever brought to the notice of the defendant's master mechanic, or foreman of the roundhouse, and defendant can not be affected by the knowledge of any of its employees except those above named.

"12. If you believe from the evidence that the position of the plaintiff on the locomotive contributed to his injury, and that plaintiff had no business engagements thereon connected with his duty as conductor of said train, your finding will be for the defendant."

VOL. 138 mo—17

The other errors assigned are that the verdict is contrary to the law as declared by the court, and that the damages are excessive.

1.   The application and affidavit for a continuance was made in conformity to the requirements of the statute and was overruled by the court solely on the ground of the admission by the plaintiff that the witness if present would swear to the facts set out in the affidavit, as authorized by section 2127, Revised Statutes 1889, and the sole ground of the complaint against that ruling is that said section is obnoxious to the provisions of section 30, article 2, of the Constitution, which provides that "no person shall be deprived of life, liberty, or property without due process of law," and in support of this contention we are cited to *State v. Berkley*, 92 Mo. 41, and *Elsner v. Supreme Lodge*, 98 Mo. 646.   Although the defendant did not avail itself of the privilege of reading the evidence of the absent witness contained in the affidavit for a continuance, we think the question of the constitutionality of this section of the statute is properly raised by the exception to the action of the court in overruling the application upon the authority thereof.

The section of the statute that was held to be invalid in *State v. Berkley*, was section 1886, of the Revised Statutes 1879, which contained similar provisions to the section now in question in regard to applications for a continuance in criminal cases, but it was so held, because obnoxious to the provisions of section 22, article 2, of the Constitution which provides that: "In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy, public trial by an impartial jury

of the county." This section of the Constitution has no application whatever to the trial of civil actions, and the case of *State v. Berkley* is no authority for defendant's contention. Counsel for defendant argue, however, that by a parity of reasoning, section 2127, *supra*, might be held obnoxious to the provisions of section 30 of the Constitution, and to be consistent this court ought to so hold. Such, however, is not the opinion of this court, as shown by the case of *Elsner v. Supreme Lodge*, 98 Mo. 640, in which the constitutionality of this section was upheld, and by *Wilson v. Purl*, 133 Mo. 367, in which its validity was assumed. Nor of either of the courts of appeals in both of which its constitutionality has been assumed or expressly recognized. *Richey v. Branson*, 33 Mo. App. 418; *Woolwine v. Bicks*, 39 Mo. App. 495. That "there is no constitutional objection to a statute which permits a party in a civil suit to defeat his adversary's motion for a continuance on account of an absent witness by admitting that the witness will testify as stated," is a general rule deduced from the rulings of the courts of last resort in the States which have statutes similar to the one under consideration. 4 Ency. of Plead. and Prac., p. 869, *b*. and note 1. The Supreme Court of Arkansas in *Graham v. State*, 50 Ark. 161, in following our ruling in the *Berkley* case, *supra*, declared that "no constitutional objection to such legislation is apparent when applied to civil cases." Without pursuing the argument upon this question, we think that the constitutionality of section 2127 may well be considered settled upon authority, and this point will be ruled against the defendant.

2. The objection urged to instruction number 2 given for the plaintiff is that "it assumes that the wheel of the locomotive was cracked, dangerous and defective." We do not so understand this instruction. What the court told the jury in this regard, by the instruc-

tion was, that "if the jury find from the evidence that the defendant's engine was derailed by reason of the cracked, defective, and dangerous condition of said wheel," etc.   How the jury was to find that the engine was derailed by reason of the cracked, defective and dangerous condition of the wheel, without finding that the wheel was in a cracked, defective, and dangerous condition, we think would be past the understanding of the ordinary juryman, and would perhaps suggest itself only to the verbal critic who found it necessary to find some fault in the instruction, which in this instance was evidently not found by the learned counsel for the defendant until after the trial, for their own instructions contain a like assumption, if this be an assumption.

3.   The objection urged to the action of the court in refusing to give defendant's instruction 1 and 9, is that the evidence wholly failed to show that defendant knew or by the use of reasonable care could have known that "the flange of the wheel on the front truck" had been in a cracked, defective and dangerous condition, in that the evidence tended to prove a defect in the flange on the *forward tank truck*, and not in the flange of the *wheel of the front truck*, as charged in the petition, and that no notice was shown to defendant's master mechanic or its foreman of such condition.

We perhaps have not sufficient technical mechanical knowledge to appreciate the force of the first ground of this objection, but there is no doubt in our mind, after a careful examination of this record, that the same defect, in the same flange, of the same wheel was in the mind of the pleader when he drew the petition; in the mind of all the witnesses when they were testifying on the subject; of the court in the instructions; and of the jury in making their verdict, and

there is no possibility of prejudicial error in this matter. As to the second ground, it is only necessary to say the engineer in charge of this locomotive made a written report of the defective condition of the wheels of this engine in the particulars charged, and in addition testified that he called the attention of the foreman of the roundhouse having the engine in charge for repairs, to the condition of the defective wheels two or three months before the accident, and another engineer testifies that the wheels of the engine were in this condition a month before the accident. Here was evidence tending to prove actual notice to the company of the defect, and that the defective condition had existed for such a length of time as that the defendant by the exercise of reasonable care ought to have discovered and repaired it. In the face of this evidence, the court could not do otherwise than refuse these instructions.

4. Defendant's instruction number 12 was properly refused because from the evidence it appears that the train consisted of the engine and one flat-car only; that at the time the engine went over and the plaintiff received the injuries of which he complains, he was in the cab of the engine, which he testifies was his usual place when attending to the discharge of his duties with such a train, and there is no evidence tending to prove that that was not the proper place for him to be in the discharge of the business that he then had in hand for the defendant.

5. There is nothing in the contention that the verdict is against the law as declared in instruction 10, given for the defendant. Cook, the inspector, testified that he didn't examine the engine the night preceding the accident, and even if he had testified to such an inspection, it would still have remained for the jury to determine whether he made a proper inspection.

6.    There is nothing in the record to indicate that the verdict was the result of passion or prejudice.    The amount of the damages assessed does not so indicate. The evidence tended to prove that prior to the accident the plaintiff was a healthy man about thirty-seven years of age, earning $75 per month; that since the accident he has been an invalid, unable to follow his occupation, and under the care of physicians, and has expended about $750 for hospital, doctors' and nurses' bills; that this condition promises to be permanent and is the result of the injuries he received. Such being the case, the amount of damages assessed can not be said to indicate passion or prejudice.    We find no prejudicial error in the trial of this case, and the judgment will be affirmed.

It is accordingly so ordered.    All concur, except ROBINSON, J., absent.