ELLA J. SOLLARS, A MINOR, BY GLADYS SOLLARS, HER NEXT FRIEND, V. ATCHISON, TOPEKA, & SANTA FE RAILWAY COMPANY ET AL.—187 S. W. (2d) 513.

Kansas City Court of Appeals.   April 2, 1945.

*Stringfellow & Garvey* for appellants.

412

*Boyd, Elliott & King,* for respondent.

DEW, J.,—This is an action brough by the plaintiff, by her next friend, in the Circuit Court of Buchanan County for damages for personal injuries claimed to have been sustained by plaintiff through the alleged negligence of appellants in causing and permitting their automobile truck to run into the rear ·of an electirc motorbus in St. Joseph, in which respondent was, at the time, riding as a passenger. There was a verdict for the defendants. Motion for new trial was sustained on the sole ground assigned by the trial court that "the court erred in giving Intruction No. 6 offered by defendants." Appellants appealed from the order of said court in so sustaining the motion for new trial.

Respondent and appellants were, respectively, plaintiff and defendants below, and will be so referred to hereinafter.

The petition alleges, in substance, the minority of the plaintiff, the appointment of next friend, the employment at the time in question of defendant Hanway by the remaining defendants, the appointment of the trustee defendants named, the joint engagement by the defendants, except Hanway, in the joint ownership and operation of the motor truck hereinafter mentioned. It alleges that on December 27, 1943, while plaintiff was riding as a passenger on a bus of the St. Joseph Railway, Light, Heat & Power Company, she was injured by the careless and negligent operation by defendants of a truck owned by defendants (except Hanway); that it was operated for said defendants at the time by Hanway, acting for himself and as agent and servant of the other defendants; that said truck was carelessly and negligently permitted by defendants to run violently into and against the said motorbus as said bus was stopped or was stopping for passengers at the northwest corner of 12th Street and Garfield Avenue in St. Joseph, Missouri. The petition alleges in detail the injuries claimed by plaintiff to have been so sustained.

The answer was a general denial.

The substance of plaintiff's evidence in so far as the same may be essential to the point herein made, was as follows: the plaintiff, a girl of seventeen years of age, was, on September 27, 1943, a passenger on a trolley coach or bus of the St. Joseph Railway, Light, Heat & Power Company, en route to her home in St. Joseph, Missouri, and as this coach was making a stop at the northwest corner of 12th Street and Garfield Avenue in said city, defendants' truck violently collided with the rear of the coach and inflicted the injuries of which plaintiff complains. Plaintiff and her witnesses testified that no vehicles were approaching on the left or in the immediate vicinity of the intersection.

The defendants' evidence tended to show, among other things, that the defendant Hanway was driving defendants' truck at the time and place in question; that he was following the bus and noticed the bus to be slowing down; that he applied his brake and slowed

down, then took his foot off the brake; then, when about fifteen feet behind the bus, he applied the brake again and the brake pedal fell to the floorboard without resistance, and the truck rolled onto and against the rear of the bus; that by the time it was evident to him that he had no brakes, it was too late to turn to the right into 12th Street, and a vehicle approaching from the west on 12th Street prevented his turning to the left.

A witness for the defendants, a mechanic, testifed that he examined the truck and made some repair on it after the accident; that he found the brake foot or brake bracket, which operates the foot pedal, was broken; that in applying the brake, the operator pushes the pedal down and it goes into a master cylinder; that when the brake foot breaks, the pedal drops to the floor and the brake cannot be applied; that he found a clean break in the brake foot; that it was not an old crack, but the brake bracket had crystallized in the center; that this condition could not have been discovered by prior examination.

There was no evidence in rebuttal to contradict the evidence of the breaking of the bracket, nor that it was a new break not discoverable by examination.

Defendants' Instruction No. 6, allowed by the court, was as follows:

"The Court instructs the jury that if you find and believe from the evidence that the sole cause of the accident was the breaking of the brake bracket on defendants' truck and that the breaking of said bracket was not the result of any negligence on the part of defendants, if you so find, and if you further find that said accident was not the result of negligence of the defendants as set out in plaintiff's instructions, then your verdict will be for defendants".

Defendants state in their brief that the only objection urged by plaintiff to said instruction below was that it assumes that the brake bracket broke. Whether or not that was the only objection then urged, we shall consider first that objection, and then the additional objections made by plaintiff in her brief herein.

Defendants cite several authorities to substantiate their contention that their Instruction No. 6 did not improperly assume the controverted fact of the breaking of the brake bracket. The cases cited are: [Moore v. Transit Co., 193 Mo. 411, l. c. 419, 420; Phippin v. Ry., 196 Mo. 321, syl. 6, l. c. 347, 348; Kinlen v. Railroad, 216 Mo. 145, syl. 3, l. c. 161-162; Warren v. Giudici, 50 S. W. (2d) 634, syl. 2, l. c. 636; Lewis v. R. Co., 50 S. W. (2d) 122, syl. 1, l. c. 124, 125; Reith v. Tober, 8 S. W. (2d) 607, syl. 1, l. c. 610, 611; Cornett v. R. Co., 159 Mo. App. 360; Balauri v. Anastas, 263 S. W. 458; Adams v. St. L. Pub. Serv. Co., 32 S. W. (2d) 100, syl. 3, l. c. 102; Moutria v. Ry., 76 S. W. (2d) 427, syl. 4, l. c. 430; Rummels v. R. Co., 15 S. W. (2d) 363, syl. 3, l. c. 367, 368; Geary v. Ry., 138 Mo. 251, l. c. 259; Dammann v. St. Louis, 152 Mo. 186, l. c. 198; Brady v. R. Co., 206

Mo. 509, syl. 8, l. c. 538; McMillan v. Bausch, 234 S. W. 835, syl. 4, l. c. 837; Van Loon v. St. Louis, etc., 6 S. W. (2d) 587, syl. 1, l. c. 589-590; Kaiser v. United Rys. Co., 155 Mo. App. 428, syl. 5, l. c. 439; Schweig v. Wells, 26 S. W. (2d) 851, syl. 3, l. c. 853.]

We shall note some of these cases briefly. In Phippin v. Ry., *supra,* the instruction required the jury to find and believe from the evidence, among other things, that: "said injury was caused by the negligence and carlessness of the switch tender, in throwing the switch for track No. 17, instead of track No. 18", etc., and the court said, l. c. 348:

"The defendant urges that this instruction was erroneous in that it assumes that throwing the switch for track 17 was a negligent and careless act. We do not think the instruction is obnoxious to this criticism. We think it plainly required the jury to find that the injury was caused by the negligence and carlessness of the switch tender".

In the case of Moore v. Transit Co., *supra,* the jury was required to find and believe from the evidence, together with other facts, that: "Plaintiff was injured by reason of the car leaving the track on account of defective rail of the said track and not through or on account of any fault on his part" etc. The court said in that case :-

"The instruction is not subject to the interpretation that it assumes that the rail was defective; it leaves that fact to be found from he evidence and makes its finding essential to the plaintiff's right to recover".

In Reith v. Tober, an instruction on the humanitarian doctrine, contained these words: "If the jury find and believe from the evidence that the defendant negligently failed to check or slacken the speed of his automobile as he approached Washington Way where it strikes Washington Avenue, when he knew, or by the exercise of that degree of care required of him by law could have known, or could have seen, that the plaintiff was in or approaching a position of imminent danger, and that plaintiff was oblivious or ignorant of her dangerous position, if you so find, . . .".

It was complained that this instruction was erroneous, in that it assumed as a fact and so told the jury at the outset, that the defendant either knew, or by the exercise of proper care could have known, that the plaintiff was in or approaching a position of imminent danger, of which plaintiff was oblivious. The court said, page 610:

"This is not a fair criticism of this instruction. The wording may be a little awkward, but it does not assume any fact. . . . In our judgment this clause of the instruction contains no assumption of fact, but requires the jury 'to find and believe' the same 'from the evidence' ".

The court further held that the instruction required the jury to find three things from the evidence, to-wit: (1) that defendant negli-

gently failed to check or slacken his speed; (2) when he knew, or by the exercise of that degree of care required of him by law could have known, or could have seen that plaintiff was in or approaching a position of danger and, (3) that plaintiff was oblivious or ignorant of her dangerous position; that " 'When he knew' . . . 'that the plaintiff was in or approaching a position of imminent danger' was just as much to be found from the evidence as 'that the defendant negligently failed to check or slacken the speed of his automobile'. This portion of the instruction does not assume anything as a fact".

The court further said at l. c. 611:

"Looking at the instruction from an other viewpoint, we get the same idea. This clause of the instruction begins with the words, 'If the jury find and believe from the evidence,' and ends with the words, 'If you so find'. This clearly means that all the things between these two phrases must be *'found* by the jury *from the evidence'*. There is no assumption of any fact. The latter portion of the instruction emphasizes this view of ~the matter by again telling the jury the material things which they must find. A careful reading of this instruction shows that it assumes no material fact, but requires the finding of all facts 'from the evidence'. It makes no harmful assumption of facts". (citing cases).

In Dammann v. St. Louis, *supra,* objection was made that an instruction assumed that the injury in that case was caused by a leak, and that the leak was directly caused by the negligent and unskillful laying of a pipe. The court said, page 198:

"As by that instruction the jury were required to find that the injury was caused by the leak and that the 'leak was directly caused by the negligent and unskillful laying of said pipe' there is no assumption of either fact. They are required to find both, the one just as much as the other. The jury could not find that the break was caused by the negligent and unskillful laying of the pipe, without finding that it was negligently and unskillfully laid".

In Brady v. R. Co., *supra,* syllabus 8, is as follows:

"Assumed in Instruction. An instruction told the jury that plaintiff 'assumed all the risks ordinarily incidental to the work he was called upon to perform, but he did not assume the risks, if there were any such, arising from the negligence of said company or its foreman'. Held, not to assume that the company or the foreman was negligent. The jury could not have found that there were risks arising from the negligence of the company or foreman without also finding there was such negligence".

In McMillan v. Bausch, *supra,* an instruction was under discussion which was to' the effect that "if the jury found defendant knew, . . . that the roof of the tunnel under which plaintiff was working was unsafe from loose, overhanging earth or rock", etc. The

point was made therein that the instruction assumed that the roof was unsafe. As to this the court said page 836:

"The jury could not find that the defendant knew the roof was was unsafe without finding that was in fact unsafe".

In Kaiser v. United Railways Co., *supra,* the jury were required to find and believe, among other things, from the evidence that the defendant's car was allowed to strike and cause the death of the decedent "in consequence of the failure of the motorman to keep a vigilant watch". As to the complaint that this assumed the failure of the motorman to keep a vigilant watch, the court said, l. c. 439:

"The language is not susceptible of that construction. It required the jury to find the fact claimed to have been assumed by it. The jury could not find that the car was allowed to strike and cause the death of James in consequence of the failure of the motorman to keep a vigilant watch without finding that he was guilty of such failure. Instructions similar in regard to this feature were sustained in Geary v. Kansas City, O. & S. R. Co., 138 Mo. 251, 259, 39 S. W. 774; Phippin v. Mo. Pac. Ry. Co., 196 Mo. 321, 348, 93 S. W. 410; Dammann v. City of Ct. Louis, 152 Mo. 186, 198, 53 S. W. 932".

. Among the cases above cited by the defendants to substantiate their claim that their Instruction No. 6 was correct, we believe the case of Geary v. Ry., 138 Mo. 251, 39 S. W. 774, is the most nearly in point, and, if applicable, it is controlling herein, especially because of its recent approval by the same court. In that case the plaintiff was the conductor on one of defendant's trains and in his petition claimed to have received personal injuries when the locomotive "was derailed by reason of the breaking of the flange of the wheel of the front truck thereof, which said wheel was and for many days prior thereto had been in a cracked, defective and dangerour condition". Instruction No. 2 for the plaintiff in that case required before a verdict could be had for plaintiff, that the jury find and believe from the evidence the —". . . defendant's said engine was derailed by reason of the cracked, defective and dangerous condition of the wheel of the front truck thereof, causing the flange of said wheel to break; that defendant knew or by the exercise of reasonable care and caution might have known of such cracked, defective and dangerous condition of said wheel in a sufficient time to have made the same reasonably safe for the purpose for which it was used, but failed to do so; that plaintiff did not know of such cracked, defective and dangerous condition of said wheel; that by reason of said derailment" etc. As to this instruction the court said at page 259: .

"The objection urged to instruction number 2 given for the plaintiff is that 'it assumes that the wheel of the locomotive was cracked, dangerous and defective'. We do not so understand this instruction. What the court told the jury in this regard, by the instruction was, that 'if the jury find from the evidence that the defendant's engine

was derailed by reason of the cracked, defective, and dangerous condition of said wheel', etc. How the jury was to find that the engine was derailed by reason of the cracked, defective, and dangerous condition of the wheel, without finding that the wheel was in a cracked, defective, and dangerous condition, we think would be past the understanding of the ordinary juryman, and would perhaps suggest itself only to the verbal critic who found it necessary to find some fault in the instruction, which in this instance was evidently not found by the learned counsel for the defendant until after the trial, for their own instructions contain a like assumption, if this be an assumption''.

The Geary case, *supra,* has since been cited with approval by the Supreme Court of Missouri in Jacobs v. Danciger, 339 Mo. 91, 95 S. W. (2d) 1193. In the Jacobs case a part of the plaintff's instruction 2 read:

''If you find and believe from the evidence that at the time of entering into the contract of sale, sellers did not know that the *defendants intended to use said hops in the manufacture and sale of home brew packages in violation of law* and did nothing or agreed to do nothing which would be a furtherance of *such purpose,* nor consent to *such violation,* you will disregard the defense that the contract in evidence was a contract in violation of the law''. (Italics supplied).

The Supreme Court, in overruling this contention, cited McMillan v. Bausch, *supra;* Van Loom v. St. Louis Mer: Br. Term. Ry. Co., 319 Mo. 948, 955, 6 S. W. (2d) 587, 589; Dammann v. St. Louis, 152 Mo. 186, 198; Hill v. St. Louis Pub. Serv. Co., *supra,* and Geary v. Ry., 138 Mo. 251, 259, 39 S. W. 774, *supra.* In further discussion of the point, the court in the Jacobs case, said, page 99:

''These cases proceed on the theory that a jury, composed of reasonable men, would not find the ultimate fact of knowledge of the existence of a fact on the part of a litigant without finding the existence of the fact upon which such knowledge is necessarily predicated —that is, the premise or condition precedent to the existence of the litigant's knowledge. Plaintiffs' instruction might have been more aptly phased had it been conditioned, in effect, on a specific finding of the illegality of the business defendants were engaged in, and knowledge thereof on the part of the witness Hattrem, etc.; or had it proceeded on the expressed theory that even though the business defendants were engaged in was illegal, plaintiffs nevertheless were entitled to recover under certain contingencies. . . . And should it be said that plaintiffs' instruction had a tendency to relieve the jury of inquiry as to defendants' intended use of said hops if they found Hattrem had no knowledge of said intended use, still a jury, composed of reasonable men, would not, have found that Hattrem knew defendants intended to use said hops in the manufacture and

sale of packages designed for the making of unlawful beer had they been unable to find defendants in fact intended to so use said hops''.

In behalf of the plaintiff's argument in the case at bar that defendants' Instruction No. 6 improperly assumed the fact of the breaking of the brake bracket, and that the trial court properly sustained the motion for a new trial on account of having given the same, she cites various cases as follows: Kimbrough v. Charvitz, 180 S. W. (2d) 772, 776; Payne v. Stott, 181 S. W. (2d) 161, 164; McCombs v. Ellsberry, et al, 85 S. W. (2d) 135; Kirkham v. Jenkins Music Co., 104 S. W. (2d) 234; Alexander v. Hoenshell, 66 S. W. (2d) 164; Martin v. Woodlea Inv. Co., 226 S. W. 650; Goodman v. Eugas, 236 S. W. 50, and Barr v. Nafziger Baking Co., 41 S. W. (2d) 559.

On the further point that the alleged error was no less harmful because of the fact that the testimony of the truck driver that the brake bracket broke was no directly contradicted, plaintiff cites Payne v. Stott, *supra*; Connole v. East St. Louis, etc. Ry., 102 S. W. (2d) 581, Cluck v. Abe, 40 S. W. (2d) 558; McClellan v. St. Louis, 170 S. W. (2d) 131.

The closest case among those cited above by the plaintiff on the point under consideration is a decision of this court in Payne v. Stott, 181 S. W. (2d) 161. In that case the instruction under consideration was:

''The court instructs the jury that if you find from the evidence that defendant was not guilty of any negligence at the time and place mentioned in evidence, and that the accident was caused solely by the fault and negligence of some person suddenly and without warning pulling out from the curb, then under such circumstances plaintiff is not entitled to recover and your verdict should be in favor of defendant.''

Our court, at page 165, held that the defendant was entitled to an instruction covering his theory of the case, and that the court would have been required to give such, if properly drawn, on behalf of the defendant, submitting the same to the jury; but we said regarding the above instruction:

''It would appear that this instruction assumed that some person suddenly, without warning, pulled out from the curb, and that he was negligent in so doing. Although defendant's testimony was not directly contradicted, it was not conceded at the trial that any such person negligently and suddenly pulled out from the curb, or, in fact, that any person did pull out from the curb. Connole v. East St. Lours & S. R. Co., 340 Mo., 690, 102 S. W. (2d) 581. The instruction should have submitted that issue to the jury instead of assuming it. The court properly refused the instruction''.

It is true that many of the cases on this point are difficult to reconcile, and that many of them are borderline cases. Upon close analysis and study we have been unable to distinguish the case at bar in prin-

ciple, in so far as the point under consideration is concerned, from the Geary case, *supra*. If that case be applicable, as we believe it to be and if it has not been modified by subsequent opinions of the Supreme Court, it is, of course, controlling here. As stated, the Geary case has again been recognized and cited by the Supreme Court in a similar ruling in the case of Jacobs v. Danciger, 339 Mo. 91, which, we believe is the last expression of the Supreme Court on the question. This, we believe, makes the Geary case controlling in the instant case on the point under consideration. For that reason we hold that defendants' Instruction No. 6, though inaptly drawn, did not assume the fact of the breaking of the brake bracket, but submitted the issue to the jury for determination.

Plaintiff further contends that defendants' said Instruction No. 6 was erroneous in that it failed to require the jury to find the defendants, by the exercise of proper care, could have discovered and repaired the alleged defective condition of the brake bracket, nor did it require the jury to find that the driver could not have turned to the north or to the south and have avoided the collision. We believe there is no merit in this point because the instruction required the jury, among other things, to find that the defendants were not guilty of any negligence as set out in plaintiff's instructions. Such references to plaintiffs' instructions in defendants' sole cause instructions, have been approved. Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S. W. (2d) 742, 745; State v. Shain, 137 S. W. (2d) 528, 531. Plaintiff's instructions were sufficiently broad in scope as to have included any failure to find and repair any break in the brake bracket, or any failure of the operator of the truck to have turned to the right or to the left, and thereby have avoided the collision.

Plaintiff further contends that the said Instruction No. 6 "was a roving commission", and did not inform the jury what constituted negligence on the part of the defendants. We find no merit in this contention, considering the instruction as a whole, together with plaintiff's own main instruction covering the whole case.

Finding no error in the giving of defendants' Instruction No. 6, and no other substantial error in the trial of said cause, we hold that the trial court erred in setting aside the verdict therein and in granting a new trial of said cause. Accordingly, the order of said court in setting aside said verdict and granting a new trial is hereby reversed, and said cause is remanded with directions to the trial court to reinstate said verdict and to enter judgment for defendants in accordance therewith. All concur.