**SPENCER v. GULF, M. & O. R. CO.**

**No. 14098.**

United States Court of Appeals Eighth Circuit.

Oct. 26, 1950.

Roberts P. Elam, St. Louis, Mo. (William R. Kirby, St. Louis, Mo., on the brief), for appellant.

Wayne Ely, St. Louis, Mo. (D. S. Wright, Mobile, Ala., on the brief), for appellee.

Before GARDNER, Chief Judge, and THOMAS, Circuit Judge, and DEWEY, District Judge.

GARDNER, Chief Judge.

This was an action brought by appellant against appellee to recover damages for personal injuries alleged to have been caused by the negligence of appellee. The parties will be referred to as they were designated in the trial court. Plaintiff in her complaint alleged that the defendant at all times pertinent to this action was operating a railroad as a common carrier of freight and passengers and had tracks and equipment located and running into and through the City of Slater, Missouri; that on or about the 3rd day of January,

1948, she was violently struck by one of defendant's freight cars as she was in the act of crossing Emerson Street in the City of Slater; that she sustained serious permanent injuries as a proximate result of the negligence of the defendant. Other allegations of the complaint go to the extent of her injuries and damages resulting therefrom.

The defendant admitted that it owned and operated a railroad as alleged but denied that it was guilty of any negligence in its operation. It then affirmatively pleaded that whatever injuries plaintiff received at the time and place mentioned in her complaint were the result of her own negligence and carelessness.

Diversity of citizenship was alleged and the amount involved exceeded the sum of $3,000, exclusive of interest and costs. The case was tried to a jury and at the close of all the evidence the defendant moved for a directed verdict which was denied and the cause was sent to the jury on instructions to which certain exceptions which will hereafter be considered were saved by the plaintiff. The jury returned a verdict finding all the issues in favor of the defendant, whereupon judgment was entered adjudging that plaintiff take nothing by her action and that the same be dismissed.

Plaintiff makes no claim that the verdict is not sustained by substantial evidence but seeks reversal on the sole ground that the court erred in giving its instruction on the issue of contributory negligence. That instruction so far as here material reads as follows: "The court instructs the jury that even though you should find and believe from the evidence that plaintiff attempted to cross the defendant's railroad track at the Emerson Street crossing in Slater, Missouri; and even though you should find and believe from the evidence that the railroad cars constituting defendant's train were separated at that crossing at the time plaintiff started to cross the track here; and even though you should find and believe that no railroad employee was present at the Emerson Street crossing at such time, still if you should further find and believe from the evidence that plaintiff went upon the railroad crossing at a time when the cars to her left or to the east were moving toward her, and that they were in close proximity to her, then you are instructed that plaintiff was negligent in going upon the crossing under such circumstances; and if you should find the facts to be as outlined in this portion of the court's charge, and that plaintiff was negligent in the respect mentioned, and if you should find and believe from the evidence that such negligence of plaintiff caused her to be injured, or contributed to her injuries, then in such event, your verdict should be against the plaintiff and in favor of the defendant."

The plaintiff excepted to that part of this instruction which told the jury that if "plaintiff went upon the railroad crossing at a time when the cars to her left or to the east were moving toward her, and they were in close proximity to her, then * * * plaintiff was negligent," because the instruction "does not require the jury to find that if they found she did that that she was negligent."

The evidence as to practically all the issues was in sharp conflict and while the sufficiency of the evidence is not raised it is difficult to make a statement that may be accepted as the facts in the case. The fact that the jury determined all the issues in favor of the defendant would probably warrant us in resolving all disputes in the evidence in favor of the defendant. The question before us, however, is limited to the correctness of the court's instruction on contributory negligence. As alleged in her complaint, it was the contention of plaintiff that she was injured while attempting to cross the railroad track at the Emerson Street crossing at which point there had been a separation of the cars, and that before she cleared the track, without warning one of the cars was backed over the crossing, injuring her. There was testimony on behalf of the defendant that the cars were not separated at the Emerson Street crossing but were separated at the Jefferson Street crossing, a block farther west, and that plaintiff at the time of receiving her injuries was attempting to cross between coupled cars. There was also serious conflict in the evidence as to

the conduct of plaintiff and her companions before she attempted to cross the railroad tracks. For the purpose of considering the correctness of this instruction, however, we must assume that there had been a separation of the cars at the Emerson Street crossing because the instruction is hypothetical and based upon the assumption that there had been a cut in the cars at the Emerson Street crossing.

The exception to this instruction does not purport to point out that there was no evidence that the cars were moving at the time plaintiff went upon the crossing. No such claim having been urged before the trial court, it can not successfully be urged here. Pryor v. Strawn, 8 Cir., 73 F.2d 595; Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645.

The freight train which was standing on the track was about ninety cars in length. The railroad passed easterly and westerly through the City of Slater and it was traversed by Emerson Street running north and south, and was likewise traversed by Jefferson Street running north and south, one block west of Emerson Street. The train was headed east. It is argued by plaintiff that if the cars had been standing still at the time she went upon the crossing, she would have had a right to assume that they would not be moved without appropriate warning. Knox v. Missouri, K. & T. Ry. Co., 199 Mo.App. 64, 203 S.W. 225; Lawrence v. St. Louis & H. R. Co., Mo. App., 258 S.W. 54. That, however, is beside the question. The instruction does not involve such a situation. It makes no reference to standing cars, but told the jury that if they believed from the evidence that plaintiff went upon the crossing at a time when the cars were moving toward her, and were in close proximity to her, then as a matter of law she was guilty of negligence. This instruction left it to the jury to determine the facts. If the jury found such facts, then as a matter of law plaintiff was clearly guilty of contributory negligence. In McCaffery v. St. Louis & M. R. Co., 192 Mo. 144, 90 S.W. 816, 818, the court, referring to an objection that an instruction did not require the jury to find that the defendant was guilty of negli-

gence, said: "The identical question was ruled adversely to the contention here made in Luckel v. Century Building Co., 177 Mo. 608, 76 S.W. 1035, and the rule there announced that it is the duty of the court to tell the jury that, if they find from the evidence certain facts to exist, those facts constitute negligence, and that, where the instruction clearly requires the jury to find all the facts which go to make up the negligence charged in the petition, the failure to use the word 'negligently' in the instruction does not render the same erroneous." See, also: Brinkley v. United Biscuit Co. of America, 349 Mo. 1227, 164 S.W.2d 325; Sollars v. Atchison, T. & S. F. Ry. Co., 239 Mo.App. 410, 187 S.W.2d 513; Oglesby v. St. Louis-S. F. Ry. Co., 318 Mo. 79, 1 S.W.2d 172, 179.

In Oglesby v. St. Louis-S. F. Ry. Co., supra, it is among other things said: "In ordinary cases the court can declare that certain enumerated facts show either negligence as a matter of law, or contributory negligence as a matter of law."

In this challenged instruction the question of fact was clearly left to the jury, the court declaring only the law applicable to such fact if found. Even if the cars were standing and the crossing open, yet "The presence of standing cars at a crossing is a notice of danger, calling on the traveler to exercise the greater care which ordinary caution requires * * *." 52 C.J. 325, Sec. 1901 quoted in Scott v. Kurn, 343 Mo. 1210, 126 S.W.2d 185, 187. Plaintiff's testimony shows that she was entirely familiar with this crossing and that as she approached it she knew she was approaching a railway crossing. Her testimony is to the effect that, " * * * we went first to Jefferson Street and then we walked down along side the railroad track to Emerson Street." She had thus walked along side this track on which this train was standing for a block before she turned to enter this crossing. At least two of her companions walking a short distance ahead of her saw the cars and passed between them. The cars were in plain sight, yet she said: "I have already testified that this car to the east of me was already moving when I first saw

658

it and first noticed it. Before I got up to the track, and on the track, I did not notice that there was a train there at all." She knew, however, that she was entering a crossing. Had she looked, as was her duty, she would have known that there were cars on the track. "Failure to see what was plainly visible (according to plaintiff's own witnesses) before his eyes, and to hear what others heard (or to heed it if he did), is conclusive evidence of plaintiff's negligence." Poague v. Kurn, 346 Mo. 153, 140 S.W.2d 13, 16.

Holding, as we do, that there was no error in giving the instruction complained of, it is unnecessary for us to consider the contention of defendant that the instruction could not have been prejudicial because defendant was in any event entitled to a directed verdict. The judgment appealed from is therefore affirmed.