Opal KOOGLER, Appellant,

v.

**MOUND CITY CAB COMPANY,**
a Corporation, Respondent.

No. 48361.

Supreme Court of Missouri,
Division No. 2.

Sept. 11, 1961.

McLeod & Bransford, Walter L. Floyd, Jr., St. Louis, for appellant.

Robert W. Henry, Clayton, for respondent.

BOHLING, Commissioner.

Mrs. Opal Koogler sued the Mound City Cab Company, a corporation, for $20,650 damages for personal injuries allegedly occasioned by the negligent operation of one of defendant's taxicabs by Charles Zierenberg, an employee of defendant. The jury returned a unanimous verdict for the defendant. Plaintiff has appealed from the judgment entered thereon. She claims she was injured when said taxicab ran upon the sidewalk in the circumstances hereinafter detailed, and that the court erred in giving defendant's sole cause instruction based upon the sudden failure of the brake cylinder of said taxicab to function. In reviewing the propriety of instructions, given or refused, it is always important to consider the facts upon which the instructions are based. Jurgens v. Thompson, 350 Mo. 914, 169 S.W.2d 353 [8, 11, 12]; 5 C.J.S. Appeal & Error § 1484, p. 770, n. 43.

The occurrence happened Sunday, September 21, 1958, at about 4:00 p. m., a clear, dry day. Plaintiff, Mrs. Helen Dunning, Joann Bounds, Calvin McCabe, Orville McCabe, and Cloy Jones were "sitting flat down," facing east, on the public sidewalk on the west side of Mississippi Avenue, 20 to 35 feet south of Park Avenue, at an entrance to Lafayette Park in St. Louis City. They were 6 to 8 feet west of the west curb of Mississippi, and occupied a space of about 6 to 8 or 8 to 10 feet, north and south. Plaintiff was the farthest north and Mrs. Dunning was 2 to 3 feet south of plaintiff. The group had been there for about 45 minutes, eating potato chips and olives and drinking sodas.

Charles Zierenberg, defendant's witness and an experienced taxicab operator, was assigned "Yellow Cab 202" by defendant about 3:00 p. m. He drove it for about an hour, making quite a few stops, and noticed nothing wrong with its brakes. He picked up a woman passenger for the Desloge Hospital, and was northbound on Mississippi Avenue intending to make a left turn on Park Avenue. His brakes were functioning properly when he stopped for this passenger. Mississippi is approximately 60 feet wide. Southbound cars park on the west side of Mississippi by backing in at a 45-degree angle. He slackened speed at a small street that came into Mississippi about a block south of Park for some children, and noticed that the foot pedal was "soft," went down more than previously, but with one "pump" he had a "sufficient brake." He drove on the east side of Mississippi at the center line. When he was about a half block from Park, he decided to park and get another cab. He was then 25 to 30 feet south of a service station on the east side of Mississippi. He did not turn into the service station because he didn't want to park in the "man's driveway." There was testimony that he was traveling at a moderate speed, 25 or 20 to 30 m. p. h. Zierenberg testified that cars were parked on both sides of Mississippi Avenue, and as he approached Park Avenue he noticed there was a parking space for about one car on the west side of Mississippi with two cars parked nearer Park Avenue and a number of cars, maybe ten or more, parked south of the open space. He saw no person standing around there, and decided to park in the open space. He saw the people sitting on the sidewalk when he was west of the center line and the front of his cab was "maybe a car length and a half" from them. He estimated his speed was about 5 m. p. h. then. He was "riding my brake," had his foot on it, had a brake, and was slowing down to pull into the parking space. When he was about 7 or 8 feet, something like that, from the curb his foot brake pedal suddenly went all the way to the floor. He estimated his speed at "maybe" 3 or 4 m. p. h. Matters

then developed "fast." He "hit" his foot brake several times, fast, it kept going to the floor, waved his hand, signaling the people out of the way, and reached for and got his hand on the emergency brake (he had to reach for it) as the front wheels hit the curb ("about six inches" high, "I guess") and the cab went up. He got his hand on the emergency brake again when the cab got on the sidewalk and stopped it. Plaintiff had testimony from which a jury could find that the rear of the taxicab stopped 5 feet west of the curb. He got out and, upon investigating, found a puddle of brake fluid, which was still "dripping down," at the left rear wheel.

Mrs. Helen Dunning was in the path of the taxicab and she rolled over and over westwardly to avoid it. She testified that it struck her and also that she really did not know whether or not it struck her.

There was testimony by plaintiff that defendant's taxicab was 35 to 40 feet south of her when she saw it going north before it turned west, and she estimated its speed at 25 to 30 m. p. h.; that she next saw it when it was 10 to 15 feet from her; that it had slackened its speed to 15 m. p. h., and had traveled, maybe, 20 feet between the first and second time she saw it. She testified the cab passed to the right, south, of her and did not touch her; and that she made no complaint to the police at the scene or at the hospital when she accompanied Mrs. Dunning to the hospital. Plaintiff, according to evidence in her behalf, sustained severe injuries to her lower back, among others, when she turned and reached for Mrs. Dunning, twisting her body and ending in a squatting position. She then helped Mrs. Dunning up. Whether plaintiff was injured in any respect was the subject of much conflicting expert testimony.

Officers Walter Starmenn and Ralph King soon arrived at the scene. They were plaintiff's witnesses. Mr. Starmenn testified there was no damage to the front of defendant's taxicab and that brake fluid was running out of the left rear wheel of the cab, with a puddle of it on the ground. Mr. King testified that brake fluid was leaking from the left rear wheel of the cab, and that he tested the foot brake and it went to the floor of the cab.

Plaintiff submitted her case under the res ipsa loquitur doctrine. Her verdict directing instruction, so far as material, informed the jury that if defendant's taxicab "ran over and upon the aforesaid sidewalk and in close proximity to the plaintiff sitting thereon, if you so find, and if you further find that at said time and place the plaintiff attempted to escape injury from collision with defendant's said automobile taxicab, by moving herself away from the path of defendant's said automobile taxicab, if you so find, and if you further find that plaintiff was injured while so attempting to move away from the path of defendant's said automobile taxicab, if so, then you are instructed that such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent, and you may so find, unless you find and believe from other facts and other circumstances in evidence that the occurrence was not due to the defendant's negligence * *."

Plaintiff attacks defendant's instruction No. 2, which read:

"The Court instructs the jury that if you find and believe from the evidence that the sole cause of the occurrence out of which this action arose was the sudden failure of the brake cylinder on defendant's taxicab to function and that such sudden failure of the brake cylinder, if any, was not the result of any negligence on the part of the defendant, if you so find, and if you further find that said occurrence was not the result of negligence of defendant as set out in other instructions, then your verdict will be for the defendant and against the plaintiff."

Plaintiff says defendant's instruction assumed that there was a sudden failure of the brake cylinder to function.

Defendant's instruction follows the approved instruction in Boresow v. Manzella, Mo., 330 S.W.2d 827, 829 [1–3]. See also Sollars v. Atchison, T. & S. F. R. Co., 239 Mo.App. 410, 187 S.W.2d 513, where the court remarked that many of the cases on instructions assuming facts are borderline cases and hard to reconcile (187 S.W.2d loc. cit. 518), and, after an extended review of Missouri cases (the court had before it (loc. cit. 518) plaintiff's cases of Payne v. Stott, Mo.App., 181 S.W.2d 161, 164 (decided by the same court and stressed by plaintiff here); McCombs v. Ellsberry, 337 Mo. 491, 85 S.W.2d 135, 138; Barr v. Nafziger Baking Co., 328 Mo. 423, 41 S.W.2d 559, 562), approved an instruction (set out at 330 S.W.2d loc. cit. 515) of like tenor to defendant's instruction No. 2, and did not follow its Payne v. Stott case.

Defendant's instruction No. 2 was more explicit in requiring that the failure of the brake cylinder to function be found to have been "sudden" than the Boresow approved instruction. It required a finding from the evidence "that the sole cause of the occurrence * * * was the sudden failure of the brake cylinder * * * to function and that such sudden failure of the brake cylinder, if any, was not the result of any negligence on the part of the defendant, if you so find * * *." If the first required finding be restricted to the failure of the brake cylinder to function, then the *"if any"* phrase (which does not appear in the Boresow instruction) in the succeeding clause would, we think, be understood to require a finding that the failure of the brake cylinder to function was "sudden." Defendant's instruction No. 2 is likewise more explicit than the instruction in the Sollars case. In addition, the testimony of plaintiff's witnesses Starmenn and King established that the brake cylinder failed to function. Plaintiff had no evidence to the contrary; and said fact, established by defendant's and plaintiff's evidence, was not a controverted issue when the case was submitted to the jury. Kelly v. Kansas City Pub. Serv. Co., Mo., 335 S.W.2d 159, 161

[2]; Hill v. St. Louis Pub. Serv. Co., Mo., 64 S.W.2d 633, 637 [7]; Draper v. Louisville & N. R. Co., 348 Mo. 886, 156 S.W.2d 626, 633 [11, 12]; Reece v. Reed, Mo., 326 S.W.2d 67, 71 [5]; Martinez v. Missouri Pac. R. Co., Mo., 327 S.W.2d 855, 862 [4]. Explicit separate submissions of each fact in defendant's instruction would have been more appropriate. However, the facts and issues tendered the jury were simple, clear cut, easily understood and within the common knowledge of jurors of the present day. We conclude a jury would understand they had to find that the failure of the brake cylinder to function was "sudden." Civil Rule 83.13(b), V.A.M.R.; V.A.M.S. § 512.-160, subd. 2; Kelly v. Kansas City Pub. Serv. Co., supra, 335 S.W.2d loc. cit. 164 [8]; Stewart v. Boring, Mo., 312 S.W.2d 131, 134; Spritz v. St. Louis Pub. Serv. Co., Mo., 341 S.W.2d 790, 793 [4].

Plaintiff contends the instruction failed to hypothesize facts from which the jury could find that there was a sudden failure of a brake cylinder to function, or that a sudden failure of a brake cylinder to function was the sole cause of the occurrence. Defendant's instruction No. 2 was not a simple converse instruction. It required the jury to find, before returning a verdict for the defendant, that the sudden brake failure was the sole cause of the collision, and that such sudden brake failure was not the result of any negligence of the defendant, and, further, that said occurrence was not the result of negligence of defendant as set out in other instructions. The instruction did not specifically require a finding of when the brake cylinder failed to function, or whether the operator applied the foot brake pedal, or whether the foot brake pedal went to the floor, or whether the operator was not negligent in using the emergency brake, and other matters mentioned in plaintiff's argument. But the instruction did not remove from the jurors' consideration any failure on the part of defendant which they, from the evidence, might consider to be negligence; and if the

jury followed defendant's instruction and made the findings therein required, defendant was entitled to a verdict. See Boresow v. Manzella, supra 330 S.W.2d loc. cit. 830 [3]. In this connection it is noted that plaintiff's res ipsa submission precluded a plaintiff's verdict if the jury found "from other facts and other circumstances in evidence that the occurrence was not due to the defendant's negligence," which required finding is in accord with the last required finding in defendant's instruction. This case was submitted as and we think it was a question for the jury and not a question of law whether defendant's employee was negligent when he discovered he had a soft pedal (he testified he pumped the pedal once and thereafter had a sufficient brake, and there was testimony from plaintiff (and defendant's employee) that the speed of defendant's taxicab was being slowed as it approached the curb) or was negligent in his application of the emergency brake in the circumstances established by the evidence. See Cruce v. Gulf, M. & O. R. Co., 358 Mo. 589, 216 S.W.2d 78, 82 [7]; Beezley v. Spiva, Mo., 313 S.W.2d 691, 695 [6–8]. The facts mentioned by plaintiff and all others within the scope of the evidence were open for consideration by the jury in arriving at their verdict under defendant's instruction No. 2 as well as under plaintiff's verdict directing instruction. In ruling whether defendant made a submissible defense the evidence and reasonable inferences therefrom are considered in the light most favorable to defendant and plaintiff's evidence is disregarded unless it supports defendant's defense. Highfill v. Brown, Mo., 340 S.W.2d 656, 661 [6, 7]; Thurman v. St. Louis Pub. Serv. Co., Mo., 308 S.W.2d 680, 684 [2, 3]. Consult also Kickham v. Carter, Mo., 314 S. W.2d 902, 905 [1]. Courts recognize three-fourths of a second as the normal reaction time, unless a longer time affirmatively appears in the proof. West v. St. Louis-S. F. R. Co., Mo., 295 S.W.2d 48, 54 [8]; Hendershot v. Minich, Mo., 297 S.W.2d 403, 407 [5]. And, defendant was not strictly bound by its employee's estimates of speed and distance. Fenneren v. Smith, Mo., 316 S.W.2d 602, 608; Dennis v. Wood, 357 Mo. 886, 211 S.W.2d 470, 474 [4]; Klee v. Bryan, Mo.App., 346 S.W.2d 695 [2].

Plaintiff's case of Robinson v. Missouri-K.-T. R. Co., Mo.App., 123 S.W.2d 624, 627, had under consideration a plaintiff's verdict directing instruction submitting specific negligence and, also, in the alternative, general negligence. Shields v. Keller, 348 Mo. 326, 153 S.W.2d 60, 64, and Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853, 856 (instruction No. 5), 860, 861, differ in that the defendant relied upon plaintiff's negligent acts or the negligent acts of a third party, respectively, involving separate independent facts, as the sole cause of the occurrence. They do not necessarily establish error here. The instant defendant's instruction submitted, among other required findings, an explanation for a finding of no negligence on the part of defendant under plaintiff's submission. Plaintiff does not show why the ruling in the Boresow case 330 S.W.2d supra 830 [3], is in error and should not be followed. We think it applicable and, as indicated above, that the jury understood the fact issues submitted for their determination.

■ Plaintiff says the clause "and if you further find that said occurrence was not the result of negligence of defendant as set out in other instructions" was confusing and misleading, citing Busby v. Tanner, Mo.App., 282 S.W.2d 188 [3], 190, a res ipsa case wherein defendant's sole cause instruction read in part: "and that said accident was not due to any negligence on the part of defendant in any of the particulars submitted to you in other instructions given you," and was held confusing because there was no other instruction submitting any *particular negligence*. Defendant's instruction No. 2 in this respect is the converse of plaintiff's principal instruction and is free of the fault of the defendant's instruction in the Busby case.

Plaintiff's presentation does not establish reversible error.

The foregoing disposes of all points in plaintiff's brief, including one not properly preserved for appellate review.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.