George W. KLEE, a Minor, by His Father
and Next Friend, O. E. Klee,
Respondent,

v.

Jessie M. BRYAN, Appellant.

No. 23224.

Kansas City Court of Appeals.

Missouri.

April 3, 1961.

J. D. James, Robert B. Vaughan, Hogsett, Houts, James, Randall & Hogsett, Kansas City, for appellant.

Winn M. Thurman, Thomas A. Sweeny, Popham, Thompson, Popham, Trusty & Conway, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff sued defendant for personal injuries and property damages suffered by him when his automobile, operated by him, collided with defendant's automobile, operated by her, at the intersection of Gillham Road,

a North-South street, and Brush Creek, an East-West street in Kansas City, Missouri. Defendant counterclaimed for personal injuries and property damages suffered by her. From a judgment for plaintiff in the sum of $1,000 on his petition, and for him on defendant's counterclaim, defendant appeals.

Gillham is 40 feet wide north of the intersection but the curbing, on both sides, flares out at the point of intersection so that, as it is approached from the north, the distance between the east and west side gets much wider. The traveled portion of Brush Creek, at a point 64 feet east of this intersection where there is a slow sign, is 60 feet wide but, from that point westward the north curb line flares and curves to the west and north. We refer to the intersection as being the area inclosed by a projection of all of the curb lines of the respective streets from points before widening, due to their curving, begins.

Plaintiff stated that he was proceeding south on Gillham and, when he reached a slow sign on the west side of the street, some 50 feet north of the intersection, he slowed his speed and began moving into the lane next to the center of the street; that, when he reached and entered the intersection he was in that lane and traveling at a speed of 5 miles per hour; that, when the front of his car was two feet inside the intersection, he first saw defendant; that she was then 60 feet east of the center line of Gillham, traveling at a speed of 35 miles per hour; that he proceeded, watching her and expecting her to slow down or stop; that, eventually, he thought there was danger of a collision because she did not indicate that she would take measures to avoid it; that he then applied his brakes, turned to the right, and came to a stop; that defendant's car struck his vehicle on the left side, near the front, with its right front; that her car ricocheted, crossed the intersection and struck a car standing on the south side of Brush Creek just west of the intersection, headed east.

No question is presented as to the amount of the judgment, and it is unnecessary to discuss the evidence concerning damages.

Defendant testified to the effect that, as she drove westward on Brush Creek, at a speed of 12 to 15 miles per hour, she looked to the north on Gillham as she was passing the slow sign, 64 feet east of the intersection; that her view was unobstructed; that she could see north on Gillham about ½ of a block; that she saw no car; that she looked to the south on Gillham (which there becomes Harrison) and saw nothing; that she looked to the west and saw a car proceeding eastward from Oak; that she did not look again to the north until she was in the intersection; that she then saw plaintiff's car at about the slow sign, 50 feet north of the intersection; that *she was first* in the intersection. She, at all times, maintained that she was first in the intersection but she also maintained that she was entering the intersection as she passed the slow sign.

In her deposition, taken before trial and placed in evidence, defendant stated that she first looked to the right when she entered the intersection and stated, at the trial, that she thought she was entering the intersection when she passed the slow sign.

The testimony of the two parties is the only eyewitness evidence as to the conditions and events that existed and occurred immediately before and at the time of the collision.

Defendant contends that plaintiff's instruction No. 2 is reversibly erroneous for three assigned reasons. The instruction is as follows:

"The court instructs the jury that under the ordinance law admitted in evidence it was the duty of the driver of an automobile on the left to yield the right of way to an automobile on the right where said vehicles entered the intersection at the same time.

You are instructed that if you find and believe from the evidence that Mr. Klee's automobile entered the intersection prior to the time that the automobile operated by the defendant Mrs. Bryan entered the intersection, or if you find and believe that the automobiles in question entered said intersection at the same time, and if you *futher* find that the defendant Mrs. Bryan herein failed to yield the right of way, then you are instructed that the defendant Mrs. Bryan was negligent, and if you further find that such negligence, if any, on the part of the defendant Mrs. Bryan, directly caused the collision in question, and the injuries, if any, sustained by the plaintiff, Mr. Klee, and property damage, if any, sustained by the plaintiff Mr. Klee's automobile, and if you further find that the plaintiff Mr. Klee was at all times herein mentioned in the exercise of the highest degree of care for his own safety, then you are instructed that your verdict must be for Mr. Klee on his petition and against the defendant Mrs. Bryan."

Her first criticism is that it authorizes a verdict if the jury should find that plaintiff enter the intersection first *or at the same time* defendant entered. It is contended that there is no evidence that the vehicles entered the intersection at the same time and that such a finding would be contrary to the testimony of both plaintiff and defendant.

■ "It is not necessary that there be categorical evidence as to a matter covered by an instruction, it being sufficient if there is evidence of facts from which the fact might be inferred." 53 Am.Jur. 458. The salient facts in evidence have been set out.

■■ Plaintiff's theory of recovery was that he was entitled to *priority of right of way* under the evidence; that defendant was under a duty to yield the right of way. He stated that when he was 2 feet inside of the intersection defendant was 40 feet east

of the intersection, traveling at 35 miles per hour. That was merely an estimate, both as to *speed* and *as to distance,* by which he is not strictly bound. But, if that estimate is true, then defendant arrived at the intersection within less than a second thereafter. Under such testimony, it was not error to submit the question of plaintiff's entering before defendant's entry, or at the same time. Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972, 979.

■ However, defendant, in her instruction 12, submitted the issue of whether she entered the intersection, as defined by her in evidence, ahead of plaintiff, and the effect of such fact on her right to recover even though plaintiff was on her right. Under all of the evidence and instructions the issue of who was entitled to the right of way was for the jury.

Defendant submitted her counterclaim on humanitarian negligence and also on primary negligence. She claims that the abstract principle of law declared in the first paragraph of plaintiff's No. 2 instruction constitutes reversible error.

■ This contention seems to be based entirely on the fact that the mentioned paragraph is an abstract statement of the law. She cites Hangge v. Umbright, Mo., 119 S.W.2d 382, 384. That instruction was an abstract declaration to the effect that a party should have the right of way if he entered the intersection first, or at about the same time as another party. But it was unaccompanied by any hypothesis of facts in evidence to guide the jury in applying it to the particular case. The jury was not even required to find that such a party be in the exercise of the highest degree of care. The jury might, therefore, have found for a party who was negligent in proceeding under that instruction, even if he otherwise had the right of way. The Court held the instruction to be erroneous.

An abstract statement of law in an instruction will not be held erroneous if it is accompanied, as was the instruction here

**698**

considered, with a further call for a finding by the jury of all facts required by law to justify a verdict. Christman v. Reichholdt, Mo.App., 150 S.W.2d 527, 533. When read, together with all other instructions, as it must be, this instruction is not misleading or confusing even though defendant's counterclaim was based on humanitarian negligence.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.